United States District Court
Southern District of Texas
**ENTERED**
December 20, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-12-600-2 |
| | § | CIVIL ACTION NO. H-18-4216 |
| | § | |
| EARNEST GIBSON IV | § | |

**MEMORANDUM AND ORDER**

A jury convicted Earnest Gibson IV ("Gibson IV") on five counts of Medicare and Medicaid fraud. In June 2015, he was sentenced to a 240-month prison term and ordered to pay $7,518,480.11 in restitution. (Docket Entry No. 510).

This court denied Gibson IV's motion to modify his sentence based on the COVID-19 epidemic, and denied his motion for reconsideration of that denial. (Docket Entry No. 875). Gibson IV has now filed a second motion to modify his sentence, (Docket Entry No. 911), seeking an order directing his release to home confinement. Gibson IV's motion is denied. The reasons are explained below.

Title 18, section 3582(c)(1)(A) of the United States Code as amended by the First Step Act allows a sentencing court to modify a sentence based on certain enumerated factors "on a motion by the BOP or by the defendant after exhausting all BOP remedies . . . after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). Any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582; *United States v.*

*Gonzalez*, 2021 WL 2253261 (5th Cir. June 2, 2021); *United States v. Drennen*, 847 Fed. App'x 249 (5th Cir. May 12, 2021).

The applicable policy statement is found at U.S.S.G. § 1B1.13. That policy statement defines "extraordinary and compelling reasons" as certain medical conditions, including terminal illness, the age of the movant if he is at least 65 years old and certain other conditions are present, and certain enumerated family circumstances. Gibson IV bases his motion on his medical condition, relying both on pre-existing health conditions and the threat posed by COVID-19.

In his motion, Gibson IV alleges that the Federal Bureau of Prisons "has not done anything from an inmate's perspective to stop the flow of the ever-increasing spread of the COVID-19 virus." The court takes judicial notice of the facts that, contrary to Gibson IV's allegations, the rate of COVID-19 infections has declined sharply. The court also takes judicial notice of the fact that vaccines that are highly effective in preventing COVID-19 infection are now widely available, and that the Bureau of Prisons is vaccinating federal inmates. *See* https://www.bop.gov/resources/pdfs/covid19_guidance_20210122.pdf.

Gibson IV's unsupported allegations are contradicted by readily available and judicially noticeable facts. He fails to demonstrate any extraordinary circumstances beyond those considered in the denial of his original motion. The motion, (Docket Entry No. 911), is denied.

SIGNED on December 15, 2021, at Houston, Texas.

                                             Lee H. Rosenthal
                                  Chief United States District Judge